**NOT FOR PUBLICATION**

```
                    UNITED STATES DISTRICT COURT
                       DISTRICT OF NEW JERSEY
                          CAMDEN VICINAGE
```

JOHN RANDALL FUTCH,                :
                                   :    Civil Action No. 09-3173 (JBS)
          Plaintiff,               :
                                   :
     v.                            :    **MEMORANDUM & ORDER**
                                   :
UNITED STATES OF AMERICA,          :
                                   :
          Defendant.               :

**SIMANDLE**, United States District Judge:

Plaintiff John Randall Futch, a prisoner at the Federal Correctional Institution, Fort Dix, New Jersey, has submitted a pro se complaint alleging violations of his civil rights. Plaintiff seeks to proceed in forma pauperis pursuant to 28 U.S.C. § 1915 (Supp. II 1996).

The Prison Litigation Reform Act of 1995 ("PLRA"), enacted on April 26, 1996, prohibits a prisoner from bringing a civil action in forma pauperis pursuant to 28 U.S.C. § 1915 "if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury." 28 U.S.C. § 1915(g) (Supp. II 1996). Dismissals for frivolousness of civil actions or appeals prior to

the passage of the PLRA count as "strikes" under 28 U.S.C. § 1915(g).  See Keener v. Pennsylvania Bd. of Probation & Parole, 128 F.3d 143, 144 (3d Cir. 1997).

While incarcerated, Plaintiff has had at least three prior civil actions dismissed by federal courts as frivolous, malicious, or failing to state a claim upon which relief may be granted.  See, e.g., Futch v. Drug Enforcement Agency, Civil Action No. 07-0057 (S.D. Ga.); Futch v. Wheeler, Civil Action No. 07-1163 (C.D. Ill.); Futch v. Drug Enforcement Administration, Civil Action No. 06-0238 (S.D. Ga.); Futch v. Finnerty, Civil Action No. 05-2529 (D.S.C.); Futch v. Davis, Civil Action No. 05-2589 (D.S.C.).

In addition, the Court notes that Plaintiff has failed to provide a complete in forma pauperis application and the certified six-month institutional account statement, required by 28 U.S.C. § 1915.

Because Plaintiff has had these prior actions dismissed while he was incarcerated and the complaint does not suggest that Plaintiff is under imminent danger of serious physical injury,

It is on this **3rd** day of **August** 2009;

**ORDERED** that, pursuant to 28 U.S.C. § 1915(g), Plaintiff's request to proceed in forma pauperis is hereby **DENIED**; and it is further

**ORDERED** that the Clerk of the Court shall administratively

terminate this case, without filing the complaint or assessing a filing fee; Plaintiff is informed that administrative termination is not a "dismissal" for purposes of the statute of limitations, and that if the case is reopened, it is not subject to the statute of limitations time bar if it was originally filed timely, see Houston v. Lack, 487 U.S. 266 (1988)(prisoner mailbox rule); McDowell v. Delaware State Police, 88 F.3d 188, 191 (3d Cir. 1996); see also Williams-Guice v. Board of Education, 45 F.3d 161, 163 (7th Cir. 1995); and it is further

**ORDERED** that, to the extent Plaintiff disputes that the "strikes" described above are attributable to him, he shall so notify the Court, in writing addressed to the Clerk of the Court, Mitchell H. Cohen Building and U.S. Courthouse, Fourth and Cooper Streets, Camden, New Jersey, 08101, within 30 days of the date of entry of this Order; Plaintiff's writing shall include an affidavit setting forth the relevant facts and shall include a complete application for leave to proceed in forma pauperis, including the required certified six-month institutional account statement; and it is further

**ORDERED** that if Plaintiff does not dispute that the "strikes" described above are attributable to him, but he wishes to reopen this case, he shall so notify the Court, in writing addressed to the Clerk of the Court, Mitchell H. Cohen Building and U.S. Courthouse, Fourth and Cooper Streets, Camden, New

Jersey, 08101, within 30 days of the date of entry of this Order; Plaintiff's writing shall include the $350 filing fee; and it is further

**ORDERED** that the Clerk of the Court shall supply to Plaintiff a blank form Application to Proceed In Forma Pauperis; and it is finally

**ORDERED** that the Clerk of the Court shall serve a copy of this Order upon Plaintiff by regular U.S. mail.

**s/ Jerome B. Simandle**
JEROME B. SIMANDLE
United States District Judge
